SINGER (WICKERSHAM v.). See Case No. 17,610.

---

## Case No. 12,901.
### SINGER v. WILSON.
#### PATENTS—PRACTICE—OYER.

Oyer of letters patent referred to in the declaration is not demandable as of right; being matter of record, the defendant can obtain them if he desires them.

[Cited in Law, Pat. Dig. 590. to the point stated above. Nowhere reported; opinion not now accessible.]

---

## Case No. 12,901a.
### SINGER et al. v. WOOSTER et al.
[N. Y. Times, Sept. 17, 1857.]

Circuit Court, S. D. New York. Sept. 12, 1857.

INFRINGEMENT OF PATENTS—PRELIMINARY INJUNCTION—SEWING MACHINES.

[A preliminary injunction against alleged infringement of the Singer patent. No. 10,974, for an improvement in sewing machines, denied upon the ground that, upon the facts shown, infringement was doubtful.]

[This was a bill in equity by Singer & Clark against G. H. Wooster and others to enjoin the infringement of letters patent No. 10,974, granted to Isaac M. Singer May 30, 1854.]

NELSON, Circuit Justice. This is a motion for an injunction for an alleged infringement of a patent granted to I. M. Singer for a new and useful improvement in sewing machines, on the 30th May, 1854. Among other improvements, the patentee claims an arrangement for the employment of lateral pressure, by means of a cam or lever, or the equivalent, to act against, and in combination with, the needle, at or near the end of its perforating motion, to insure the proper position of the needle, however flexible, that the looping apparatus (one hook) may enter properly between the needle and its thread. A peculiar description of the arrangement is given by the patentee, and it is not denied but that it is new and useful, and especially so in the working of the machine of the patentee.

The only question raised upon the motion on the part of the defendants is as to the fact of infringement. The affidavits are contradictory upon this part of the case, the defendants' disclaiming the use of the cam, or its equivalent, for the purposes specified in the complainants' patent. It is admitted that in the old machines, the needle, as it passed through the cloth, entered a groove for the purpose of supporting it in a vertical position, so that the hook or crossing apparatus would not draw it out of line; and it is claimed that this is the only use of the cam or breast-plate in the defendants' machine. The groove on the cam of the complainants' machine is rounded at the entrance, so as to deflect the needle and place it firmly in a position so as to insure the action of the hook in the loop and prevent the failure of the stitch. It is this arrangement which the defendants deny was used in their machine. They allege that it is unimportant to have the needle touch the bottom of the groove, and that the only use of it is to prevent its being drawn out of line laterally. This is prevented by the sides of the groove. Several of the defendants' machines were produced in court, but it is difficult to determine the question on mere inspection. It is certain that the cam or groove-plate in the defendants' machine is so constructed that a slight change would give to the machine the benefit of the complainants' arrangement. Whether it is necessary or not to the working of it, I am unable at present to say, or whether it is worked with the change so as to use this arrangement is not clear upon the affidavits.

We shall, for the present, deny the motion for the injunction, but with liberty to the complainants to renew it upon further evidence, if in the manufacture of the machines of defendants the arrangement in question is found or used. Motion for injunction denied.